## No. 13,195.

### C. T. CADE, SHERIFF, AND EX-OFFICIO TAX COLLECTOR vs. L. MITCHELL.
### CONSOLIDATED WITH CASES 3249 TO 3277.

#### SYLLABUS.

Neither Article 229 of the Constitution of 1898, nor Acts Nos. 115, 136 or 171 of 1898 have the effect of reinstating the parish of Iberia in the power and right of parish license taxation in the town of New Iberia.

Cade, Tax Collector, vs. Mitchell et als.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

*Todd & Davis, Weeks & Weeks* for the Plaintiff and Appellant.

*L. T. Dulaney, Foster & Broussard* and *A. J. Cammack* for the Defendants and Appellees.

Argued and submitted June 2, 1899.
Opinion handed down June 12, 1899.
Rehearing refused June 27, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff, ex-officio tax collector of the parish of Iberia, in his petition, filed herein, alleged:

That the defendant is indebted to the parish of Iberia for the sum of five hundred dollars, with two per cent per month interest thereon, from March 1st, 1899, for this:

That since the beginning of the present year, 1899, in the town of New Iberia, (Parish of Iberia), and without having at any time procured, paid or obtained therefor the required parish license, in accordance with Article 229 of the Constitution of 1898, the said Mitchell had carried on the business of keeper of a bar room where spirituous, vinous, and malt liquors were and are sold and dispensed, by drinks or glass, and in quantities less than a pint; that under the law he is entitled to a rule in the premises and to a summary trial, hearing and judgment.

He prayed, in view of the premises, that defendant be ruled to show cause why he should not forthwith pay the amount of the license, penalties and interest claimed or be ordered to cease from further pursuit of the business; that the rule be made absolute and judgment rendered for the State as claimed.

Defendant for answer averred that he could not be held liable for the five hundred dollars claimed as license due to the parish of Iberia, for the following reasons:

1st Because he was a resident of and carried on a liquor business within the incorporated limits of the town of New Iberia, and the police jury of Iberia parish had no jurisdiction within the incorporated limits of the said municipality, and the attempt of the police jury

to impose and collect a license tax to any amount from him was an unwarranted and illegal attempt to usurp powers which had been specially denied to and taken away from said police jury, and because said attempt to impose and collect a license tax for general parochial purposes from himself doing business within the incorporated limits of New Iberia was in violation of a prohibitory law of the State of Louisiana, and all and every resolution of the police jury by which it was attempted to impose said license tax, was absolutely null and void.

2nd.   That he denied that Article 229 of the Constitution of the State of Louisiana gave the police jury of Iberia parish the right to assume and exercise any jurisdiction within the incorporated limits of the town of New Iberia, or that the General Assembly had enacted any enabling act giving thereto any force or effect, and he averred that the object and purpose of the law-makers in adopting the said Art. 229 of the Constitution was to provide a way by which municipal corporations not exempted by special laws from police jury jurisdiction might exclude the parish from the imposition of a license tax upon a business or occupation carried on within the incorporated limits of the municipality.

3.   The municipal authorities of the town of New Iberia had imposed upon all retail liquor dealers within the incorporated limits of the said town a license tax graduated as the law requires, and ranging in amounts from one to six hundred dollars, according to gross receipts of the business done and the action and attempt of the police jury of Iberia to impose a license tax not graduated according to law as was now being attempted, was in violation of Article 229 of the Constitution of the State, and absolutely null and void, as was also the ordinance of the police jury.

He prayed that the demand of the plaintiff be rejected; that the rule be discharged; that the ordinance of the police jury of Iberia parish levying said tax be declared and decreed null and void.

The District Court rendered judgment discharging and dismissing the rule, with costs, and plaintiff appealed.

Twenty-eight rules of similar import to that herein were issued against different parties whose names, as well as the numbers and the titles of the proceedings against them, were given in the transcript.

Th following agreement was entered into between the parties and filed in this case:

"It is agreed in the following cases (naming them), between counsel of the tax collector and for the defendants, that the following cases are to be called and tried on the following admissions to be noted on the minutes.

The plaintiff will offer in each case ordinance of the police jury imposing license on grog shops and vendors of spirituous liquors throughout the parish of Iberia, of five hundred dollars.

1st. The defendant to admit in each case that he is a retail vendor of spirituous liquors and sells and has sold since January 1st, 1899, liquors spirituous and malt, at his store, place of business in New Iberia, Louisiana.

2nd. Defendant admits that he has been called on by the tax collector of Iberia parish, or his deputy, for the parish annual license of 1899, and has declined to pay and not paid same.

3rd. It is admitted by the plaintiff that the license imposed by the town of New Iberia has been paid by the defendants, and that the defendants oppose the payment of the parish license on the ground that the parish license (that is, the liquor license imposed by the police jury of Iberia parish), cannot be collected within the corporate limits of the town of New Iberia for the reasons filed, for all the defendants, the same as in the case of C. T. Cade, Tax Collector, vs. L. Mitchell.

It was further admitted that all the defendants in all the cases (excepting C. C. Weems), are residents of and carrying on their business within the corporate limits of the town of New Iberia. · Plaintiff offered in evidence the ordinance of the police jury of the parish of Iberia referred to in his petition, and defendant, the charter of the town of New Iberia, together with amendments thereto, and especially amendment contained in Act No. 107 of 1868, and amendments adopted by vote of the people of New Iberia on the 28th of December, 1880, under authority of Act 110 of 1860, and amendments adopted by Act No. 130 of 1898.

The General Assembly of Louisiana by Section Eleven of the Acts of 1842, page 440, declared "That the police juries of the different parishes having a right to a police power, have the right to impose whatever parish tax they see fit on grog shops, all laws or parts of laws to the contrary notwithstanding."

The various powers and duties of police juries were set out later than this in Section 2743 of the Revised Statutes of 1870. By the sixth clause of that section they were authorized "to regulate the po-

lice of taverns and houses of public entertainment, and shops for retailing liquors in their respective parishes; and to impose whatever parish tax they may see fit on all keepers of billiard tables and grog shops, and all hawkers, peddlers and trading boats."

This power was very considerably modified by Article 206 of the Constitution of 1879, which read as follows: "The General Assembly may levy a license tax and in such case shall graduate the amount of such tax to be collected from the persons pursuing the several trades, professions, vocations and callings.

All persons, associations of persons, and corporations pursuing any trade, profession, business or calling, may be rendered liable to such tax except clerks, laborers, clergymen, school teachers, those engaged in mechanical, agricultural, horticultural and mining pursuits, and manufacturers other than those of distilled, alcoholic or malt liquors, tobacco and cigars, and cotton seed oil. No political corporation shall impose a greater license tax than is imposed by the General Assembly for the State."

The Constitution of 1898, in its Article 229, perpetuated Article 206 of the Constitution of 1879, with the added words, however: "This restriction (that upon the political corporations of the State) shall not apply to dealers in distilled alcoholic or malt liquors. The General Assembly shall have authority to provide that municipalities levying license taxes equal in amount to those levied by police juries for parochial purposes, shall be exempted from the payment of such parochial licenses."

The town of New Iberia (then in the parish of St. Martin) was incorporated by Act No. 16, of the General Assembly, approved March 13, 1839.

Its charter was amended by act approved March 14, 1855, and again by Act No. 107, of 1868.

In the first section of the latter act the town was granted all the rights and powers of a political corporation, with power to raise money by taxation on all property movable and immovable, provided the same be equal and uniform in value, and by taxing merchants, retailers, grog shops, billiard tables, hawkers, peddlers, shows, circuses, menageries, concerts, etc., and male citizens above twenty-one years of age, in such amounts as may be deemed expedient within the limits aforesaid, provided the amount of tax so to be laid shall not exceed the parish tax in any one year."

The fourth section of the act declared that "from and after the passage of the act, the police jury of the parish of St. Martin shall no longer exercise any jurisdiction within the limits of said town of New Iberia or impose any tax on property or persons therein except to impose such special tax as may be required to repair the courthouse or jail of said parish."

The police jury of St. Martin having lost jurisdiction over the territory cut off from that parish in the creation of the new parish of Iberia, the General Assembly, by Act No. 208, of 1868, (the 16th Section of that Act), declared that "the police jury of Iberia shall have all the powers that are now possessed by and be subject to all the duties that are now enjoined upon the police jury of the parish of St. Martin."

On the 28th of December, 1880, a number of amendments to the charter of the town of New Iberia were adopted by a vote of the people of that town, at an election held under Act No. 110, of 1880. The 14th of these amendments declared "that the police jury of the parish of Iberia shall not exercise any jurisdiction within the corporate limits of the town of New Iberia, or impose any tax on property or persons therein, except such special tax as may be required to make or repair the courthouse or jail of said parish."

On July 13th, 1898, the General Assembly passed Act No. 130, entitled "An act to amend and re-enact Act No. 16, of 1839 —An act to incorporate the town of New Iberia, in the parish of St. Martin,. and for other purposes;" also Act No. 107, of 1868, entitled "To amend an act entitled an act to amend an act to incorporate the town of New Iberia, in the parish of St. Martin, and for other purposes," approved March 13th, 1839, and acts "amendatory thereof, approved March 14th, 1855, and also certain sections of the amended charter of the town of New Iberia, adopted by a vote of the legally qualified voters thereof at an election held on the 28th of December, 1880."

By the 1st section of this act, the town was granted "the power and right of raising money by imposing and levying taxes and licenses upon all kinds of property, movable and immovable, and all persons, associations of persons and corporations pursuing any trade, profession, business or calling, except such as may be exempt from taxation and license under the Constitution of the State. Provided no license greater than that imposed by the Legislature and collected for the State shall be imposed and collected.

The General Assembly at the same session enacted Acts Nos. 136· and 171. The first of these acts was approved July 13th, 1898, and was entitled "An act for the creation and government of municipal corporations throughout the State, and defining their powers and duties, and providing for the extension or contraction of their limits."

By the 17th section of the act, cities and towns having more than two thousand inhabitants were authorized "to levy and collect a license tax upon and regulate all callings, trades, professions and occupations, conducted, pursued, carried on or operated within the city or town, and when the license taxes equal in amount those levied by the police jury for parochial purposes, there shall not be collected any parochial licenses."

By the 40th section it was enacted that "after the act should become operative every municipality in the State should exercise the powers· conferred therein on the class to which it belonged and should be governed by the provisions thereof, provided the provisions of the act should not apply to any existing municipality unless thereafter by a majority vote of the electors therein, to be cast at a general or special election for the purpose, it be determined to come under the operation of the act," but it was further enacted "that until the acceptance of the act as provided for therein, the corporate powers, rights and franchises thereof should be and remain as then provided by law "

The second of the acts referred to (Act No. 171 of 1898), was entitled "An act to levy, collect and enforce payment of an annual license· upon all persons or business firms and corporations pursuing any trade, profession, vocation, calling or business except those who are expressly excepted from such license tax by Article 229 of the Con-· stitution, and prescribing the mode and method in which certain persons subject to license shall make report of their business."

The 13th section of the act imposed and graduated a license tax upon·the business of bar room, cabaret, coffee house, *cafe,* beer saloon,· liquor exchange, drinking saloon, grogshop, beer house, beer garden, or other place where anything to be eaten or drunk on the premises is sold directly or indirectly.

The 16th section enacted that any municipal or parochial corpora-· tion in the State shall have the right to impose a license tax on any business, occupation or profession, provided for in that act, provided, that all such license tax should conform to the provisions of Article- · .229, of the Constitution.

Cade, Tax Collector, vs. Mitchell et als.

## OPINION.

The contest in this case is between the parish of Iberia claiming to have the right to impose a license upon liquor dealers doing business in the town of New Iberia, and certain dealers of liquor in said town resisting the collection of the license from them, upon the ground that the parish is without power or authority to impose parish licenses in that town. The licenses sought to be collected are for the year 1899. Defendants' defense is based upon Act No. 107 of 1868, declaring that the parish of St. Martin should no longer exercise any jurisdiction within the town of New Iberia, nor impose any tax on the property or persons therein, except to impose such special tax as may be required to make or repair the courthouse or jail of said parish—upon Act No. 208 of 1868, extending or rather making applicable to the parish of Iberia the same provisions on this subject as were contained in Act No. 107 of 1868, to the parish of St. Martin, and upon the 14th amendment to the town charter to the same effect, adopted on the 28th of December, 1880, by a vote of the people of the town.

The parish of Iberia contends that the declaration in Section 4 of Act No. 107, of 1868, that the parish, "should not impose any tax on property or persons in the town of New Iberia, left still in the parish of St. Martin, or Iberia, the right to impose "license taxes" in the limits of the corporation.

Its argument is that "a license tax" is not a "tax upon persons," but one upon "callings" or occupations.

That besides these two classes of taxes there is a distinctly recognized class—a "tax upon persons."

That such tax is a *per capita* tax, as for instance, a poll tax—a tax on individual citizens for road purposes, etc., and it is this last kind of taxes which the Legislature declares shall not be levied in the town.

We are not required in this case to discuss whether the Legislature in using the words "tax on person," was using them with the narrow meaning contended for, or in their usually accepted meaning, as a tax to be due by and to be collected from the persons following the different occupations or callings upon which a license was to be imposed, for the reason that after stating that taxes shall not be imposed by the parish upon property or persons, the Legislature proceeded to specify and fix the single tax which it was authorized to

impose in the town, to-wit: a tax for the repair of the courthouse and jail of the parish.

After withdrawing the jurisdiction of the parish in the town, the law-maker reinstated it to some extent, but in doing so it affirmatively fixed the limit of the reinstatement and limited it to taxation for courthouse or jail building or repair.

We are not discussing now the powers of the corporate authorities of the town, nor the rights of the individual citizens thereof, but the *powers of the parish of Iberia.* That parish took the powers which the Legislature thought proper to confer upon it, those and no more.

The measure and limit of its rights was to be found in the various legislative acts bearing upon its powers.

We think the intention of the Legislature was manifestly to confine the power of the taxation by the parish within the corporate limits of New Iberia, to the taxation for the purpose specially referred to, that in aid of the building and repair of the parish courthouse and jail.

Counsel for the parish claim that the Legislature was without constitutional authority to exempt the citizens and people of New Iberia from license taxation, that Article 118 of the Constitution of 1868 constitutionally barred such legislation. They say that that article declares that the General Assembly shall levy a tax upon all persons pursuing any occupation and all such persons shall obtain a license as provided by law.

They refer the court in support of this contention to Section 2743 of the Revised Statutes, to parish of Plaquemine vs. Bowman, 30 Ann., 1403—to City vs. Savings Bank, 31 Ann., 639, and Walter vs. Tax Collector, 31 Ann., 668.

Article 118 of the Constitution of 1868, dealt not with the subject of license taxation in either parishes or towns, for parish or town purposes, but with license taxation for State purposes in the State at large, under a direct levying by the General Assembly itself, of taxes of that character.

The article of the Constitution cited did not require, as counsel states, the Legislature to levy such taxes. The article reads: "The General Assembly *may* levy an income tax upon all persons pursuing any occupation, trade or calling, and *all such* persons shall obtain a.

license as provided by law, all tax on income shall be *pro rata* on the amount of income or business done."

The power and control of the Legislature over political corporations in the State was not trammelled under the Constitution of 1868, as they were under that of 1879.

The Legislature had at the time of the passage of Act 107 of 1868, the right to either extend or limit the powers of the parish of St. Martin.

That parish, in its political capacity as a parish, had no constitutional right to call in question legislative action on that subject.

The Legslature in the Act of 1868 did not deal directly with the citizens of either the parish of St. Martin or those of the town of New Iberia. If the latter were affected in any way, it was by way of the effect of the action of the General Assembly dealing with a political corporation over the extent of whose powers the Legislature had a power of control not fettered by Constitutional limitations.

The General Assembly of 1868, for reasons deemed good and sufficient by itself, thought proper to split the power of license taxation inside of the parish of St. Martin into two parts, conferring part of the same upon that parish and part upon the town of New Iberia.

What those reasons were we do not know, nor are we called on to ascertain or explain them. This action was political in character and not subject to the control of the judiciary.

Counsel directed our attention to Act No. 115 of 1898, amending and re-enacting Section 2743 of the Revised Statutes, and particularly to the 6th Section of that Act, which in general terms, confers upon police juries the right to regulate the police of taverns and houses of public entertainment and shops for retailing liquor in their respective parishes, and to impose whatever parish tax they may see fit, on all keepers of billiard tables and grog shops, and on all hawkers, peddlers and trading boats." They say the effect of this act, passed in 1898, was to reinstate the different police juries in the position which they held in 1842 and in 1870, and to give a general power of license taxation over their entire parishes, and to repeal all special laws at variance with this power. Section 6 of Act No. 115 of 1898, is an exact reproduction of clause 6 of Section 2743 of the Revised Statutes, and its presence in the Act of 1898 was not for the purpose of widening the scope of that clause as then existing, but simply to comply with the requirements of law in amending an exist-

ing statute.   A reading of the act of 1898, and a comparison with Section 2743 as it stood in 1898, prior to Act No. 115, will show the intended scope of the new law.

We do not think that Article 229 of the Constitution of 1898 has any bearing upon the issue involved in this case.

The question is not what amount of license the parish could or could not have imposed on the town in 1899, but whether it had the power to impose any license at all.

The article does not pretend to take up cases of specially existing exemptions of certain towns from parochial license taxation to repeal the same and to make future municipal exemption from such taxation to be extended only to such municipalities as should levy license taxes equal in amount to those levied by police juries for parochial purposes.

The article, such as it is, is not self-operative.   It is a mere enabling article, placing it in the power of the General Assembly should it so elect to do, to hereafter withdraw from parochial license towns occupying the position referred to in the article.   The Legislature has availed itself of that faculty in Section 17 of Act No. 136, and declared that where license taxes in municipalities equal in amount those levied by the police jury for parochial purposes, there shall not be collected in those municipalities, any parochial licenses.

It has nowhere said that in municipalities where such a condition does not exist parish licenses shall be collected, notwithstanding they may have been exempted from such taxation by special laws or charters.

On the contrary, the Legislature in the 40th Section of Act No. 136, has announced that its provisions were not intended to apply to existing municipalities, unless by vote of their people they should elect to make them apply, and that until they should have so elected their original corporate powers, rights and franchises should be and remain as they were existing at the date of the passage of the law.

We think the judgment of the District Court correct and it is hereby affirmed.