BREAUX, C. J.
Plaintiff proceeded by rule to compel Jean Vigneaux, the owner of a buggy, one surrey, and two horses, to pay licenses on this property for the years beginning with 1908, and including 1911.
The following is the itemized statement upon which suit was brought:
1908 — $3.75 and interest @ 2 per cent. per month for 36 months...........$ 6 35
1909 — $3.75 and interest @ 2 per cent. per month for 24 months........... 5 55
1910 — $3.75 and interest @ 2 per cent. per month for 12 months............ 4 65
1911 — $3.75, delinquent since March 17, 1911 ............................. 3 75
$20 34
The suit, we are informed by the record, is brought under an ordinance of the police jury of Lafayette imposing licenses upon buggies and other means of conveyance, and the amount collected to be applied to the maintenance and repair of the public roads'.
Respondent resides within the limits ■ of Lafayette. In his answer he states that the property above referred to is kept by him in the city, and he avers that the parish of Lafayette is without right to collect the taxes sued for; that, under the charter of the city (formerly the town of Vermillion), a legislative act adopted in 1836, the parish is without jurisdiction, and he pleads the exemption from taxation provided for in section 13 of the charter.
The exemption clause of the charter provides that:
“The police jury shall not have jurisdiction within the town limits except over the courthouse, jail, and other property of the parish.”
There is an admission of counsel of the respective parties of record whereby it appears that the foregoing allegations of fact are correct.
We will only add that, according to these admissions, it appears in addition to the-foregoing that vehicles before mentioned are occasionally used as means of conveyance over the public roads of the parish; that the city of Lafayette imposes no special taxes on means 6f conveyance; that they are, however, included in the general property tax.
It is also admitted that the police jury has divided the parish into road districts,.as authorized by article 291 of the Constitution.
The judge dismissed the rule. Plaintiff has taken an appeal.
[1] Under the exemption clause of the charter of the town, the inhabitants are exempt from the payment of a conveyance license tax to the parish. There is only one exception; that is, whenever it shall be necessary to collect a tax for the purpose of building or repairing the courthouse or jail, the property in the town equally in rate of taxation shall be taxed. It is only then that the parish can insist according to the *427 terms of the charter upon payment of the town of its pro rata of the taxes.
The denial of all jurisdiction by the parish within the town limits, with the one exception before mentioned, makes it very clear that it never was intended to permit the parish to collect taxes for any other purpose within the limits of the town. If the parish had the authority to make collection of taxes within the town, why the specific mention of liability for the one tax referred to above?
[4] But plaintiff’s contention is that the exempting clause of the charter before referred to is repealed by article 29jl of the Constitution, which makes provision for establishing road districts and for the levy of an annual license tax of not less than 25 cents or over $1 upon each conveyance kept and used over the public roads.
There is an exception in the article regarding this tax, so that the per capita tax shall not apply to towns and cities that maintain their own streets.
The proposition on the part of the plaintiff is that the exception just mentioned lends emphasis to the liability of defendant who resides in the town and owns conveyances.
This might be the effect if there were no exemption clause in the charter. The repeal contended for is by implication. It is a very well-settled rule of construction that repeals by implication are not favored. They arise when the new is entirely in conflict with the old law. There is no conflict here. One authority exists — that of the town, entirely distinct from that of the parish, and each provides its own alimony to maintain it.
The inhabitants of the town pay all taxes required by the town and those residing within the parish to the parish authorities. The former pay a license tax. They have their own license tax collector. It would not be equality in matter of taxation if the inhabitants of the town had to pay as well to the parish while the inhabitants of the parish would have to pay to the parish only.
To return to the proposition, there is no conflict between the laws whereby the affairs of the town are regulated and those of the parish, and therefore the latter does not repeal the former. The question is not of first impression. There is a decision upon the subject, viz., Cade, Sheriff, v. Mitchell, 51 La. Ann. 1493, 26 South. 606, in which the court held that a parish did not have the power and right of collecting a tax in towns exempted under their respective charters. The laws invoked to levy a tax in the towns were susceptible to easier interpretation favorable to the parties than they are in the ease before us for decision. The court, none the less, held that the exemption was still effective.
[2] In addition, as relates to the town, it does not appear that the article applies to conveyances in the town for they are not “kept” in the parish — word of the Constitution. The situs of this property is in the town where it is “kept,” and not in the parish where it is not. The parish has no authority to reach out its strong arm and compel the owner who is found upon its roads to pay a tax for driving a vehicle over its roads.
[3] Something has been said about a “toll.” That has no application. That is something imposed at the locality where a passageway is used for special benefit received. The use of a public road is not considered in that light.
Eor reasons stated, the judgment is affirmed.