(76 South. 161)

No. 22593.

## BILLEAUD v. POLICE JURY OF PARISH OF LAFAYETTE.

(June 30, 1917.)

*(Syllabus by the Court.)*

1. HIGHWAYS ⟨⟩125—IMPROVEMENTS—SUBDIVISIONS OF STATE—TAXES.

The Constitution and laws of the state of Louisiana provide for the building and maintaining of public roads throughout the state, parishes, cities, and villages, and give to the state, parishes, road districts, and subroad districts and municipalities the right to impose additional taxes and to issue bonds for said purposes; and this right may be exercised by the several subdivisions of the state, provided always that the limit of taxation fixed in the Constitution is not exceeded by the subdivisions, taken collectively.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 382.]

2. COUNTIES ⟨⟩190(1)—PARISHES—AUTHORITY OF—TAXES.

The police jury of the parish of Lafayette is without jurisdiction within the corporate limits of the city of Lafayette, and cannot impose taxes upon property situated therein, except such taxes as may be required to make, maintain, and repair the courthouse and jail, and to pay the city's portion of the criminal expenses.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 304.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Ludovic Billeaud against the Police Jury of the Parish of Lafayette. From a judgment for defendant, plaintiff appeals. Affirmed.

Charles D. Caffery, of Lafayette, for appellant. Percy T. Ogden, of Crowley (H. L. Favrot, of New Orleans, and Mouton & De Baillon, of Lafayette, of counsel), for appellee.

SOMMERVILLE, J. Plaintiff alleges himself to be a registered voter and taxpayer in the Third ward of Lafayette parish, and that on February 8, 1917, the police jury of and for that parish passed an ordinance calling a special election to be held in the parish, outside of the city of Lafayette; that it was specially provided that the police jury should levy such taxes as should be necessary on all property subject to taxation in the parish outside of the city of Lafayette as would be necessary to pay the principal and interest on a parish-wide bond issue aggregating $300,000, for the purpose of constructing a system of uniform roads and highways in the parish outside of the city; that the proceedings of the police jury, etc., are shown as exhibits (but plaintiff failed to make said exhibits parts of his petition, and they are not found in the record); that the tax voted for was one mill for maintenance of public roads and to pay principal and interest on the bonds issued; that he voted against such bond issue and such special tax; that all the proceedings leading up to the bond issue are unjust, illegal, unconstitutional, and of no effect (but he does not designate which provisions of the Constitution have been violated); that the police jury was without authority to call a special election in any part of the parish, and to exclude therefrom the corporate limits of the city of Lafayette; that there is no authority in the police jury of Lafayette to create a parish-wide indebtedness without a complete submission of the matter to all the taxpayers of the parish, including those living within the corporate limits of the city of Lafayette; that the city of Lafayette has issued a large number of bonds for public improvements, including bonds for roadways, and that taxpayers of that city would have voted against the proposition submitted if they had been permitted to vote, and, to avoid this negative vote, the police jury had excluded the city of Lafayette in its call; that the police jury had organized the entire parish into road districts, and in one of said road districts, numbered 5, there was issued bonds aggregating $25,000; that under the terms of Act 183 of 1914, p. 343, as

amended by Act 199 of 1916, p. 448, the police jury could no longer exercise any jurisdiction over the various road districts of the parish of Lafayette, but had to organize the same under the terms and conditions of Act 199 of 1916, and to establish in each of said districts a governing body in accordance with said act; that road district No. 5, which had issued bonds aggregating $25,-000, together with the other road districts of the parish, were not subject to the jurisdiction of the police jury, but only subject to the jurisdiction of their governing authorities as established by Act 199 of 1916; that the governing boards of the several road districts of the parish have never qualified under the terms of Act 199 of 1916; and he asks that an injunction issue to prevent the police jury from exercising jurisdiction over the road districts named in the petition, from levying any taxes in that portion of the parish outside of the city of Lafayette either for the payment of principal and interest of the bond issue of $300,000, or for the purpose of maintenance of public roads in the districts in which a one-mill tax was voted, and that the police jury be enjoined from issuing or selling any bonds as a result of the authority granted by the election of March 17, 1917.

The defendant answered, admitting most of the material allegations in plaintiff's petition but alleged that it was the governing authority of the parish, and that under the provisions of Act 256 of 1910, p. 426, it had the right to call an election in all of the territory embraced in that parish over which it had jurisdiction; that that authority is also conferred upon it by the terms and conditions of articles 281 and 292 of the Constitution; that the city of Lafayette is not subject to the jurisdiction of the police jury in any manner whatsoever, except when it becomes necessary to collect such tax as may be essential for the purpose of building or repairing the courthouse or jail; that the city of Lafayette was originally the town of Vermillionville, chartered by an act of 1836 (page 129), section 13 of which act provides that the police jury of the parish of Lafayette "shall no longer have or exercise any jurisdiction within the aforesaid limits, except it be over the courthouse, jail, and other property belonging to said parish, provided, that whenever it shall be necessary to lay a tax for the purpose of building or repairing the courthouse or jail of said parish, the property within said town shall be equally taxed with the property of the parish generally"; that the name of the town of Vermillionville was changed to Lafayette, and the charter was several times amended by the Legislature to incorporate the necessary changes of growth, but there has always been reserved the exemption set forth; that the last amendment to the act of incorporation, Act 310 of 1914, p. 636, § 78, contains a similar provision to the one quoted; that the police jury was thus deprived of jurisdiction or privilege of making a submission to the voters within the corporate limits of the city of Lafayette on any proposition whatsoever, and was prevented by law from levying any taxes within the corporate limits, except for the specific purposes set forth in the exemption and franchise reserved in the charter of said city; that, as the governing authority of the parish, under the terms and conditions of articles 291 and 292 of the Constitution, it has a right to submit to the property "taxpayers" "within the territorial limits of said parish" the proposition of whether or not they should vote bonds to the extent of 10 per cent. of the assessed valuation of the property of the parish; that it admits that the road district numbered 5 has issued bonds to the extent of $25,000, and that it was organized as a road district prior to the passage of Act 199 of 1916, but denies that it is obliged to organize this road

district to conform with the terms and conditions of Act 199 of 1916, p. 448; that said act does not make it obligatory upon defendant to organize existing road districts to conform to the act; denies that the passage of the act deprives it of all jurisdiction over the road districts previously organized, and for which there was no demand to organize to conform to the terms of Act 199 of 1916; that it has not lost jurisdiction over the territory comprised in road district No. 5; that no new authority has supplanted the authority of it; that it still has the right to call a parish-wide election to vote bonds for the construction of a uniform system of roads, whether road district No. 5 had issued bonds therefor within its limits or not.

The petition of plaintiff, the answer of defendant, and an agreed statement of facts were all filed on the same day. The case was tried, and a judgment was rendered in favor of defendant on the same day. Plaintiff has appealed.

In the statement it was agreed between counsel:

"That this case is one of notable public importance, and that a decision should be reached at the earliest possible date; this agreement applies as well to the lower court as to the Supreme Court;" "that the case should be submitted to the lower court immediately, and the judge requested to render an immediate judgment on the record as made up;" "that an immediate appeal will be taken of this case to the Supreme Court of Louisiana, and that this agreement as incorporated in this record will be warrant and authority for the submission of the cause to the judges of the Supreme Court on brief and without oral argument; it is recognized that a decision from the Supreme Court will be necessary to the termination of the legal issue in this case; that a request is hereby earnestly made to the judges of said court for the earliest possible decision on the legal issues raised;" "that no petition of property owners has been presented to the police jury to divide the parish into road districts, and that no road districts have been created or qualified to conform to act No. 199 of 1916."

The case was submitted on briefs, without oral argument. It is one certainly of public importance, as the ordinance and proceedings

141 La.—31

of the police jury and the vote of the majority favoring the tax and bond issue which are complained of affect the entire parish of Lafayette outside of the city of Lafayette, all the taxpayers thereof, and a $300,000 bond issue. The case will have to be decided upon the record as made up, on the pleadings, and the agreed statement of facts. Plaintiff alleges that the proceedings of the police jury are unconstitutional, null, and void; but he fails to state in what respects they violate the organic law. As at least '15 articles of the Constitution bear to a greater or less extent upon the points at issue, the court is unable to say which one or more of these provisions are relied upon by plaintiff.

[1] Road building in the state is necessarily complex. Public roads may be built by the state, by the parishes, by road districts, and by subroad districts.

First. Article 291 of the Constitution provides for creating a road fund with which to construct and keep in repair the state highways or public roads throughout the state. And Act No. 49 of 1910, requires the state board of engineers to assume control of state highways under certain conditions.

Second. (a) Section 2743, vol. 2, Rev. Statutes 1904, gives to the police juries—

"power to make all such regulations as they may deem expedient: First. For their own government. Second. As to the proportion and direction, the making and repairing of the roads, bridges, causeways, dikes, levees and other highways," etc.

(b) And Act No. 49 of 1910, p. 74, makes it the duty of parishes, cities, towns, and villages wherein the state has built public roads to refund to the state one-half the total cost thereof.

(c) Article 292 of the Constitution gives to police juries the right to raise funds for the purpose of constructing, maintaining, and repairing the public roads and bridges of their parishes, and the right to set aside—

"at least one mill per annum of the taxes levied by them, and to impose a per capita tax of not more than $1.00 per annum upon each able bodied male inhabitant of the parish between the ages of eighteen and sixty-five years, and levy an annual license of not less than 25¢ nor more than $1.00 upon each vehicle, including bicycles kept within said parishes or within a municipality thereof whether or not exempt in its charter from parochial taxation, and used for locomotion over public roads, in their respective parishes; which license shall be graduated."

(d) This same article of the Constitution, (292) gives to "police juries and municipal corporations in the several parishes in this state," authority to—

"levy other taxes for the construction and maintenance of public roads and bridges within the territorial limits of said parishes, and [they] may incur debt, and issue negotiable bonds therefor in the manner and to the extent authorized under the provisions of articles 232 and 281 of the Constitution, and the statutes adopted to carry them into effect. This article shall be self-operative."

(e) Police juries may, under section 4 of article 281, "fund into bonds running for a period not exceeding ten years, and bearing interest at a rate not exceeding 5 per centum per annum, * * * the avails of the residue of the ten-mill tax authorized by the Constitution," for the purpose of constructing highways and public buildings in the parish.

Third. The police juries of the state may form their respective parishes into road districts. Const. art. 292. And articles 232 and 281 give to road and subroad districts like authority to that given to parishes for the purpose of building and maintaining roads in their respective districts.

Act No. 256 of 1910, p. 426, attempts to carry the several articles of the Constitution into effect, although article 281 provides:

"This entire article is to be considered a full grant of power to the subdivisions of the state as set forth herein."

That act also defines the subdivisions of the state, and provides for the manner of calling and promulgating the results of elections in such subdivisions for the purposes of levying special taxes or forced contributions, and issuing bonds, etc. It covers parishes, road districts, and subroad districts.

It was under articles 281, 292, and 232 of the Constitution, noted in paragraph second (d), and the laws of the state carrying them into effect, that the police jury of Lafayette parish was proceeding when it was stopped by the writ of injunction issued at the instance of plaintiff in this suit.

These articles and the laws adopted to carry them into effect give the parishes, road districts, and subroad districts the right to build public roads in their respective subdivisions.

Act 183 of 1914, p. 343, as amended by Act 199 of 1916, p. 448, does not take from the parish of Lafayette jurisdiction in and over the several road districts established in that parish, so as to prevent the building of parish roads through those districts.

Act 183 authorizes police juries to divide their respective parishes into road districts; and it defines road districts, constituting them, when formed, corporations separate from the parishes of which they form parts; and the act gives to each district the right to build roads, issue bonds, and levy taxes to pay for said roads. The act made the police jury of the parish the "board of administrators" of each separate district; but this last provision was changed by Act 199 of 1916, which provides for a different "board of supervisors" for each road district.

These acts of the Legislature did not attempt to take from the parishes the right to build roads, issue bonds, and impose taxes, which was conferred upon the parishes by the Constitution in articles 232, 281, and 292. Parishes and road building are mentioned in the two last numbered articles, and article 292 makes article 232 applicable to road building in parishes.

Section 1 of article 281 contains full au-

thority to parishes to build roads, and it is in the following terms:

"Municipal corporations, parishes and school, drainage, and subdrainage, road, subroad, navigation, or sewerage districts, city of New Orleans excepted, hereinafter referred to as subdivisions of the state, when authorized by a vote of a majority, in number and amount of the property taxpayers, qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose, after due notice of said election has been published for thirty days in the official journal of the municipal corporation or parish or where there is no official journal, in a newspaper published therein, may, through their respective governing authorities, incur debts and issue negotiable bonds therefor, and each year while any bonds thus issued are outstanding, the governing authorities of such subdivision shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest, annually or semiannually, and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity: Provided, that said special taxes, for all purposes as above set forth shall not in any year exceed ten mills on the dollar of the assessed valuation of the property in such subdivisions.

"No bonds shall be issued for any other purpose than that stated in the submission of the proposition to the taxpayers, and published for thirty (30) days as aforesaid, or for a greater amount than therein mentioned; nor shall said bonds be issued for any other purpose than for constructing, improving and maintaining public roads and highways, paving and improving streets, roads and alleys, purchasing and constructing systems of waterworks, sewerage, drainage, navigation, lights, public parks and buildings, together with all necessary equipment and furnishing, bridges and other works of public improvement, the title to which shall rest in the subdivision creating the debt, as the case may be; nor shall such bonds run for a longer period than forty (40) years from their date or bear a greater rate of interest than five (5) per centum per annum, or be sold for less than par. The total issue of bonds by any subdivision for all purposes shall never exceed ten per centum (10) of the assessed valuation of the property in such subdivisions. Municipal councils are granted the authority to create within their limits one or more sewerage districts."

The police jury of Lafayette parish levied other and additional taxes to those authorized by the Constitution and laws of the state for the ordinary expenses of the parish, as alleged by plaintiff, which additional taxes are for the construction and maintenance of public roads and bridges within the territorial limits of the parish; and it proposes to incur debt, and to issue negotiable bonds therefor, in the manner and to the extent authorized under the provisions of articles 232 and 281 of the Constitution and the statute adopted to carry them into effect. Act 256 of 1910, p. 426. This the police jury was authorized to do by article 292 of the Constitution.

The election to decide whether the bonds should be issued and the tax levied and the proceeds of the bonds used for building roads in Lafayette parish appear to have been regular; at least, no irregularity has been alleged or pointed out by plaintiff. The election also appears to have been carried by a majority in number and amount of those voting on the questions submitted to them in the parish. The total issue of bonds for all purposes of public works and improvements is not alleged or shown to exceed 10 per cent. of the assessed valuation of the property in the parish; and the tax levied is not alleged or proved to exceed 10 mills on the dollar of assessed valuation of the property of the parish.

The law provides for the building of public roads by state, parishes, road districts, and subroad districts contemporaneously, always provided that the parishes, road districts, and subroad districts may not exceed the limit of additional taxation fixed in the Constitution for public works and improvements.

Plaintiff alleges that the police jury of Lafayette parish, having subdivided the parish into road districts, was not competent to levy additional taxes and issue bonds for the purpose of constructing roads; as that right had been given to the several road districts of the parish. But it has just been stated that these rights may exist in both parish and road districts at the same time. He further argues that, road district No. 5 having issued $25,000 worth of bonds, the parish, or police jury, cannot impose road taxes in that

district. But he does not allege that he is a resident of road 'district No. 5, or that he has been or will be affected in any way by such levy, or that the parish tax and road district tax in district No. 5 exceed the constitutional limitation. It may be that a majority of taxpayers residing in that road district, in number and amount, have voted for the additional tax provided for in the ordinance complained of (section 6, Act No. 199 of 1916, p. 453).

Plaintiff further complains that the several road districts in Lafayette parish have not been organized under the terms of Act 183 of 1914, p. 343, as amended by Act 199 of 1916, p. 448. As the several road districts in Lafayette parish are not in any way affected by the ordinances under consideration, and no taxpayer of one of these 'districts is before the court asking that the said act be carried into effect, it is unnecessary to consider that question in this case. The court has recently decided in two cases that a mandamus will lie, on an application of a resident of a road district, or subroad district, to compel the police jury to organize the board of supervisors provided for in Act 199 of 1916, p. 448. Lebeau v. Jury of Pointe Coupee, 140 La. 172, 72 South. 914; Bolinger v. Police Jury of Bossier Parish, 141 La. 596, 75 South. 423.

Plaintiff's chief complaint appears to be that the police jury of the parish of Lafayette excluded the city of Lafayette from the ordinances levying the tax and providing for a parish-wide bond issue, and did not submit to the taxpayers of that city the proposition to issue bonds and impose taxes for the purpose of building roads throughout the parish; and he alleges that the police jury of Lafayette was without authority to create parishwide indebtedness without a complete submission of the matter to all the taxpayers of the parish, including those living within the corporate limits of the city of Lafayette.

[2] The defendant answered that the city of Lafayette was originally the town of Vermillionville, chartered by Acts 1836, p. 129, section 13 of which act provides:

That the police jury of the parish of Lafayette "shall no longer have or exercise any jurisdiction within the aforesaid limits (the city of Vermillionville, now Lafayette) except it be over the courthouse, jail, and other property belonging to said parish, provided, that whenever it shall be necessary to lay a tax for the purpose of building or repairing the courthouse or jail of said parish, the property within said town shall be equally taxed with the property of the parish generally."

In the case of State ex rel. Lacoste v. Vigneaux, 130 La. 424, 58 South. 135, where the parish of Lafayette was attempting to collect a license tax from a citizen of the city of Lafayette, and the latter pleaded the above exemption, the court held that the parish was without authority to collect taxes or licenses in the city of Lafayette. It was therein said:

"The denial of all jurisdiction by the parish within the town limits, with the one exception before mentioned, makes it very clear that it was never intended to permit the parish to collect taxes for any other purpose within the limits of the town."

And there was therein cited the case of Cade, Sheriff, v. Mitchell, 51 La. Ann. 1493, 26 South. 606, in which a similar question was presented and decided adversely to the plaintiff.

And in suit No. 22571 of the docket of this court, and entitled State of Louisiana ex rel. Parish of Ouachita v. Hanna, 142 La. ——, 76 South. ——, recently decided, it was held that a similar provision in the charter of the city of Monroe exempting it from parochial authority prevented the assessor from entering or extending the property of the taxpayers of Monroe upon the tax rolls for the purpose of parish taxation. In the case of the city of Monroe, just referred to, a new charter had been granted to it in 1900, exempting it from parochial authority generally, just as a new charter was granted to the city of La-

fayette in 1914 (Act 310, p. 636), wherein it is provided, in section 78:

"The police jury of the parish of Lafayette shall not exercise any jurisdiction within the corporate limits of the city of Lafayette nor impose any taxes on property or persons therein except such special tax as may be required to make, maintain and repair the courthouse and jail; and to pay its proportion of the criminal expenses."

The police jury of Lafayette parish was therefore without jurisdiction in the corporate limits of the city of Lafayette, and could not impose any taxes, special or otherwise, for the building of public roads, etc., except those taxes which might be required "to make, maintain, and repair the courthouse and jail, and to pay its proportion of the criminal expenses."

The Constitution recognizes that there are some municipal corporations in the state to which the powers of the police jury do not extend. In article 174 it is provided:

"That every municipal corporation to which the powers of the police jury do not extend, shall support its own infirm, sick and disabled paupers."

In article 255 it is provided:

"That cities and towns that are not exempted by the terms of their charters from the payment of parish taxes and which are subject to the similar burdens of taxation as are the parishes shall not pay this tax. (the three mill tax for public education), as the same is included in the taxes imposed by the parish in which the town is situated, unless the parish boards of school directors of that parish certify that the needs of the school can be met by a smaller levy of such taxes."

And in article 292, in providing for the raising of funds for public roads and bridges, the police juries are authorized to set aside one mill per annum of the taxes levied by them, to impose a per capita tax, and to—

"levy an annual license of not less than twenty-five cents nor more than one dollar upon each vehicle, including bicycles, kept within said parishes or within a municipality thereof whether or not exempt in its charter from parochial taxation."

These several articles of the Constitution have reference to those municipalities which were exempt from parochial authority in their charters, which charters were granted prior to 1879, when the Constitution adopted in that year declared that:

"Taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax."

Up to 1879 the Legislature had the right to exempt persons and property in a municipality from parish taxation; and, as such exemptions were legal when made, they continue in force when they are contained in the charters of such municipalities.

Judgment affirmed.

LECHE, J., takes no part.