LAND, J.
This is a suit to compel the defendant to take and pay for certain drainage bonds based on acreage taxes issued by the Board of Commissioners of the Bayou Terre-Aux-Boeufs Drainage District.
Defendant admits the contract, but avers that the bonds were issued contrary to several provisions of the laws on the subject-matter.
The objection that the acreage tax was voted and levied for a term . of 40 years instead of for each year was sustained by the trial judge, and the plaintiff has appealed.
Article 281 of the Constitution of 1898 empowered municipal corporations and drainage districts, when authorized by a majority vote of the property taxpayers, to incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed value of the property within the taxing district, as shown by the last assessment, and to levy special taxes, not to exceed five mills on the dollar of the assessed valuation in any one year, nor to run for a greater number of years than the number named in the proposition submitted to the taxpayers. It was further provided that such bonds should not run for a longer period than 40 years, or bear a greater rate of interest than 5 per cent., or be sold for less than par. It was further provided that the municipality or drainage district in issuing such bonds shall provide for the payment of the interest annually or semiannually, and the principal thereafter, at maturity. The article concludes as follows; •
“Provided that drainage districts availing themselves of the provisions of this ordinance shall be limited to the rate of taxation herein fixed; and such districts shall be prohibited from levying contributions under existing laws, and provided further that nothing herein contained shall prevent drainage districts from being established under the provisions of existing laws.”
In 1908 article 281 was so amended (Act No. 300 of 1908) as to empower drainage district, when authorized by a vote of the property taxpayers, to assess and levy annual acreage taxes not exceeding 25 cents per acre and to incur indebtedness and issue negotiable bonds not to exceed in principal and interest the aggregate amount of the taxes to be levied.
In the year 1910 article 281 was amended and re-enacted (Act No. 197 of 1910) so as to empower drainage districts, when authorized by the vote of the taxpayers; to levy and-assess annual contributions or acreage taxes on all lands situated in such districts, for the purpose of providing and maintaining drainage systems, not exceeding 50 cents per acre for a period not exceeding 40 years, and to incur debt and issue negotiable bonds therefor, payable, in principal and interest, out of, and not to exceed in principal and interest, the aggregate amount • to be raised by said annual contributions or acreage taxes during the period for which the same are levied.
The same article was further amended by providing that, when the character of the land is such that it must be levied and *247 pumped in order to be drained and reclaimed, the board of commissioners shall, upon the petition of not less than a majority in acreage of the property taxpayers, resident and nonresident, in the district, ascertain the cost of draining and reclaiming said land and incur debt against said land for an amount sufficient to drain and reclaim it, and issue for said debt negotiable bonds, etc., and shall levy annually upon said land acreage taxes sufficient to maintain the drainage of said land, and to pay interest, annually or semiannually, and the principal falling due each year, or such amount as may be required for any sinking fund provided for the payment of such bonds at maturity; provided that such acreage taxes, for all purposes, shall not exceed $3.50 per acre per annum.
The first paragraph of article 281, relative to special ad valorem taxes, was amended so as to require the levy “each year” of a tax sufficient to pay the interest on the bonds, and the principal falling due each year, or such amount as may be required for any sinking fund provided for the bonds at maturity.
It is clear from the text of article 281 as amended that the levy of a tax for each year is mandatory, and that the. rate of the tax from year to year is made dependent on the amount required to meet the interest and principal of the debts as fixed by the terms of the contract.
In the ease at bar, the board of commissioners levied a special tax of 16 cents per acre on every acre of land in the district for 40 consecutive years beginning with the year 1911, to pay negotiable bonds to the amount of $500,000, bearing 5 per cent, per annum interest, and “to contain proper provisions for their prior redemption at such times and in such amounts as the board of commissioners may by resolution determine.” It is evident that the amount of an annual tax to meet a bond issue will depend on the terms of the contract as to the payment of interest and principal, and as to the sinking fund required to meet the bonds as they mature. As the bonds are paid or retired, the rate of the tax should be proportionally reduced. This could not be done if the rate was fixed in advance for the full term of years. For these reasons, article 2S1, as amended, requires a levy each yew of “a tax sufficient to pay the interest annually or semiannually, and the principal falling due each year, or such amount as may be required for any sinking fund provided for the payment of the bonds at maturity.”
It is therefore ordered that the judgment below be affirmed.