LAND, J.
This is a mandamus suit to compel the defendants to meet and appoint a property taxpayer as a member of the board of supervisors of'road district No. 1 of the parish of Pointe Coupee, in order that said board as thus constituted .under the terms of Act 199 of 1916 may be able to incur debt and issue bonds as authorized at the election held on August 16, 1916, and commanding the police jury and each member thereof to take all proper and necessary steps to carry out the provision's of said statute.
The defendants answered that said act is null, void, and of no effect because violative of article 31 of the Constitution, which reads as follows:
■ “Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.”
The trial judge sustained this special defense, and dismissed the mandamus suit. The relator has appealed.
Act 199 of 1916, as copied in the record, is entitled an act:
“To amend and re-enact sections 2, 3, 4, 5, 6, 8, and 11 of Act No. 183 of the Acts of the General Assembly of the State of Louisiana,” and approved July 9, 1914, entitled “An act to authorize,” etc. (Here follows the title of said act in full.)
Act 199 of 1916 will be presumed to be constitutional until the contrary is shown clearly and beyond reasonable doubt. State v. Rose, 125 La. 463, 51 South. 496, 26 L. R. A. (N. S.) 821.
The title of the act of 1916 gives notice of the intention to amend and re-enact certain sections of Act No. 183 of 1914, the title of which is given in full.
The act amends and re-enacts the sections named in the title, and goes no further.
The general purpose or object of Act 183 of 1914 is “to accomplish the construction of roads in road districts.” In order to effectuate that purpose, the act authorized the police juries to divide their respective parishes into road or subroad districts, to provide for the administration of the affairs of • said districts, and for the issuance of bonds and the levying of taxes to accomplish that purpose.
Section 1 of Act 183 of 1914, authorizing police juries to divide their respective parishes into road districts, is not affected by the amendatory act of 1916.
But sections 2 and 3 of the Act of 1914, constituting the police juries of the various parishes boards of administration or the governing authority of road districts and subroad districts, etc., was so amended by sections 2 and 3 of the act of 1916 as to substitute boards of supervisors, composed of the police juror or jurors representing the ward or wards of which the district is made up, of the member or members of the school board representing such ward or wards, and one member appointed by the police jury.
*175 The contention of counsel for the defendants is expressed in his brief, as follows:
“That the only object of the amendments incorporated in Act 199 is to take away from the police juries the authority to act as the governing body of the road districts and to vest that authority in another board created in the body of the act, but prohibited under the tit]©,”
“If the object, therefore, of Act 183 of 1914 was to invest police juries with the authority to act as the governing bodies of the road districts, and the object of Act 183 is still to be followed, because its title has never been amended, the amendments not consonant to the title must be rejected.”
It is difficult for the court to follow this line of reasoning. In the first sentence it is stated that the substitution of the board of supervisors for the police juries is prohibited under the title.
We assume that counsel means that the title of the act of 1916 is fatally defective in not setting forth the particular subject-matter of sections 2 and 3.
In arguing that the object of the act of 1914 was to vest certain powers of administration in police juries, counsel confused the general object of the act with the means or agencies provided for its accomplishment, or, in other words, treats particular provisions of certain sections as the object of the law.
A general law may, deal with several branches of one subject, or provide all the means deemed necessary to accomplish one general purpose, without violating article 31 of the Constitution of the state. State v. Doremus, 137 La. 269, 68 South. 605.
The case of State of La. v. American Sugar Refining Co., 106 La. 553, 31 South. 181, cited by counsel for defendants, conceded the constitutionality of a statute with a similar title as to the subject-matter of the particular sections proposed to be amended, but held the act unconstitutional as to a section to which no reference was made in the title.
It is the settled jurisprudence of this state that the title to an amendatory act expressing the object by a reference to the act to be amended is a substantial compliance with the requirement of the Constitution touching the description of the object in the title of a legislative act. See State v. Brown, 41 La. Ann. 771, 6 South. 638; State ex rel. Farrar v. Garrett, 29 La. Ann. 637; Arnoult v. City of New Orleans, 11 La. Ann. 56.
It is therefore ordered that the judgment below be reversed, and it is now ordered that a peremptory writ of mandamus issue against the defendants as prayed for by the relator; and it is further ordered that the defendants pay costs in both courts.