SOMMERVILLE, J.
Plaintiffs, resident taxpayers and voters of road district No. 3 in the parish of Bossier, allege that the said road district has voted a special -tax for building, developing and constructing- roads in said road district, which tax is to extend over a long period, of years, and that, as large taxpayers, petitioners are interested in having said fund well and economically spent, and the same handled in accordance with law; that by the terms of Act No. 199 of 1916, the construction and building of public roads, where such special funds have been voted, provides for the creation of boards of supervisors for such road districts, which boards are to be composed of the member or members of the school board and the member or .members of the police jury resident in such district, together with one ciualified taxpaying elector residing in said district; that the fund voted by the people of the road district No. 3 should be handled, ex-pended, and appropriated, and bonds sold by and under the control and supervision of the board of supervisors created by Act No: 199 of 1916; that the police jury has failed and refused to comply with the terms of Act No. 199 of 1916, by organizing the board of supervisors of road district No. 3, by passing the necessary ordinance, and by failing and refusing to elect a third member of the board of supervisors of said road district. They ask that a mandamus issue, compelling, the police jury of Bossier parish to meet and to pass, promulgate and to put in effect, the necessary ordinance, and also to elect a suitable person as a member of the board of supervisors of road district No. 3; and to carry into effect the provisions of Act No. 199 of 1916.
Defendants answered, admitting all of the allegations contained in the petition of plaintiffs, except that the road fund as voted by the people of road district No. 3 should be handled, expended, appropriated and bonds sold by and under the control and supervision of a board of supervisors; and they further deny that the refusal and failure on its part to carry out the provisions of Act No. 199 of 1916, will hamper the sale of the bonds for said road district, and the construction, building, and development of the public roads of said district. They further allege that Act No. 199, is unconstitutional, null, and void, for the reason that it is violative of article 31 of the Constitution providing that:
“Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title”
—further that said act is unconstitutional, null, and void for the reason that it attempts to take from the police jury all of its rights and powers in laying out and constructing roads, which said powers are vested in the police juries by the Constitution of the state; and that said act is further unconstitutional, null, and void for the reason that it attempts to organize, constitute, and create a corporate body, vested with public powers, which the Legislature is without right or power to do.
[1] The first contention made by defendants as to the- constitutionality of Act No. 199 of 1916, has been disposed of by this court, adversely to the position taken by the defendants, in the case of Lebeau v. Police Jury of Pointe Coupee Parish, 140 La. 172, 72 South. 914, wherein it is held that the title *599 to Act 199 is in substantial compliance with article 31 of the Constitution.
Defendants fail to point to any article of the Constitution, either in its answer or on the brief filed in this court, showing that there is reserved in the Constitution to the police jury the rights and powers to lay out and construct roads, or that the Legislature is without authority to constitute and create corporate bodies vested with political powers.
Article 232 of the Constitution specifically states, in providing a tax on property for all purposes:
“That for giving additional support to public schools, and for the purpose of erecting and constructing public buildings, public schoolhouses, bridges, wharves, levees, sewerage work and other works of permanent public improvement, the title to which shall be in the public, any parish, municipal corporation, ward or school district may levy a special tax in excess of said limitation.”
And article 281 of the same instrument provides that:
“Municipal corporations, parishes, and school, drainage, subdrainage, road, su'broad, navigation or sewerage districts, * * * may, through their respective governing authorities, incur debts and issue negotiable bonds therefor. * * * No bonds shall be issued for any other purpose than that stated in the submission of tho proposition to * * * taxpayers; * * * nor shall such bonds be issued for any other purpose than for constructing, improving and maintaining public roacjs * * * and other works of public improvement, the title to which shall rest in the subdivision creating the debt, as the ease may be.”
Article 291 of the Constitution assesses and. levies a special tax of one-fourth of one mill for the purpose of creating a road fund with which to construct and keep in repair the state highways or public roads throughout the state, with the necessary culverts, bridges, and drains and all other appurtenances incident and accessory thereto. This article is declared to be self-operative.
Article 292 authorizes the police juries to form their respective parishes into road districts, and to set aside at least one mill per annum of the taxes levied by them, and to impose a per capita tax and annual license taxes upon vehicles, etc., in order to raise funds for the purpose of constructing, maintaining, and repairing the public roads and bridges of their parishes.
The same article authorizes police juries and municipal corporations to levy other tares for the construction and maintenance of public roads and bridges; to incur debt and to issue negotiable bonds therefor in the manner and to the extent authorized under the provisions of articles 232 and 281 of the Constitution, and the statutes adopted to carry them into effect. That article is also declared to be self-operative.
Thus it seems that the police juries of the state may form their respective parishes into road districts, and they may raise funds for the purpose of constructing, maintaining, and repairing the public roads and bridges of their parishes by taxation. And the road districts and other subdivisions thus formed, and as recognized to be in existence in the Constitution, in article 281, may —
“when authorized by a vote of a majority, in number and amount of the property taxpayers, qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose, * * * through their respective governing authorities, incur debts and issue negotiable bonds therefor, and each year while any bonds are thus outstanding', the governing authorities of such subdivisions shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest, annually or semiannually,, and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity; Provided, that such special taxes, for all purposes as above set forth, shall not in any year exceed ten mills on the dollar of assessed valuation of the property in such subdivisions. * * * Nor shall such bonds be issued for any other purpose than for constructing, improving, and maintaining public roads and highways, * * * together with all necessary equipment and furnishing, bridges and other works of public improvement, the title to which shall rest in the subdivision creating the debt, as the case may be,” etc.
[2] There is nothing in the organic law which reserves to the police juries the right *601 to build and maintain public roads; on the contrary, provision is made for road districts, formed by the police juries, which shall have charge of the building, maintaining and repairing of public roads; and they may issue negotiable bonds under articles 232, 281, and 291 of the Constitution, “and the statutes adopted to carry them into' effect.” The right is thus left with the Legislature to enact statutes to carry the provisions of the Constitution on the .subject-matter into effect; and the Legislature is authorized to say how these road districts may be constituted. So Act No. 199 of 1916, is within the terms of the Constitution when it says that the governing authority of road districts, or subroad districts, shall be in a board of supervisors, to be composed of the police juror or jurors representing the ward or wards of the district as made up, and the member or members of the school board representing the ward or wards of which the district is made up, and one member to be appointed by the police jury.
Judgment affirmed.