LANCASTER et al. v. POLICE JURY, PARISH OF AVOYELLES, STATE OF LOUISIANA, et al.

(District Court, W. D. Louisiana. December 7, 1917.)

1. APPEARANCE ⚖➞25—EFFECT—IRREGULARITIES—ANCILLARY BILL.
     Where all parties were properly served and appeared, it is immaterial to the jurisdiction of the court that suit was by ancillary bill.

2. STATUTES ⚖➞63—INVALIDITY—EFFECT.
     Where a statute providing for elections for special road taxes was invalid, those objecting to the tax were not restricted to the time allowed by statute to attack the same.

3. HIGHWAYS ⚖➞148 — ROAD TAXES — INJUNCTION — ADEQUATE REMEDY AT LAW.
     As there is no right in Louisiana to recover a state tax paid under protest, a suit to enjoin the collection of special road taxes cannot be dismissed on the ground of an adequate remedy at law, for the remedy at law must be as practical and efficient as the remedy in equity.

4. CONSTITUTIONAL LAW ⚖➞290(3)—DUE PROCESS—NOTICE OF TAX ELECTION.
     Act La. No. 256 of 1910, amended by Act No. 218 of 1912, together with Act No. 183 of 1914, and Act No. 199 of 1916, all relating to the

---

⚖➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

formation of road districts and elections for special taxes therein, though not providing for notice before creation of the taxing district, are not invalid, as violative of the Fourteenth Amendment, as denying due process, as the acts provide for notice of subsequent proceedings.

5. COURTS ⬅366(6)—FEDERAL COURTS—PRECEDENTS.
    Decision of the Supreme Court of Louisiana, holding valid Act No. 199 of 1916, relating to special road districts, etc., is binding on the federal courts.

6. HIGHWAYS ⬅122—ROAD TAXES—CONSTITUTION.
    Const. La. art. 291, amendment of 1912, which was incorporated in Const. La. 1913 as article 292, *held* to amend articles 232 and 281, so as to allow police juries to create a road district composed of parts of two or more wards, and submit to it a proposition for special taxes.

7. HIGHWAYS ⬅135—ROAD DISTRICTS—SPECIAL TAXES.
    Const. La. art. 281, granting parishes, school districts, road districts, etc., the right, when duly authorized by election, to assess special taxes, provided such taxes for all purposes set forth shall not exceed 10 mills, etc., allows a road district, though overlapping property incorporated into school districts, to levy taxes up to the maximum allowed, etc.

8. HIGHWAYS ⬅122—STATUTE—CONSTRUCTION.
    In view of the public benefit to be derived from good roads, the road laws of Louisiana relative to taxation should be construed, if possible, so as to harmonize inconsistencies.

9. HIGHWAYS ⬅90—ROAD DISTRICTS.
    Under Act La. No. 256 of 1910, amended by Act No. 218 of 1912, together with Act No. 183 of 1914 and Act No. 199 of 1916, *held*, that police juries are authorized to create road districts, that a district can be changed for convenience, etc., that after the act of 1916, and prior to organization of board of supervisors, the police jury could act, and its acts might be ratified by the board when organized, etc.

10. HIGHWAYS ⬅138—ROAD DISTRICTS—TAXES.
    Special road taxes, levied by the police jury in accordance with an election held in a duly created Louisiana road district, *held* valid.

11. HIGHWAYS ⬅138—ROAD DISTRICTS—TAXES.
    Where a second Louisiana road district was created, embracing all the territory of another, in which an election providing special taxes had carried, levy of tax in accordance with the election was invalid.

12. HIGHWAYS ⬅148—ROAD DISTRICTS—TAXES.
    Tax levied on property in a road district *held* valid, and not subject to attack; any action on ground of irregularity in calling the election being barred by prescription of 60 days prescribed by Act La. No. 256 of 1910.

13. HIGHWAYS ⬅138—ROAD DISTRICTS—TAXES.
    Special road tax assessed by the assessor *held* invalid; police jury having created another district, embracing old district, after election.

14. HIGHWAYS ⬅138—ROAD DISTRICTS—SPECIAL TAXES.
    A special road tax for a Louisiana road district, to be valid, must be assessed by the police jury, instead of the board of supervisors.

In Equity. Ancillary bill by J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company against the Police Jury, Parish of Avoyelles, and others, filed in the receivership proceedings of B. F. Bush, receiver of the St. Louis, Iron Mountain & Southern Railway Company, against the Texas & Pacific Railway Company. Decree in part for complainants in the ancillary bill, and bill in other respects dismissed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This is an application for an injunction to prevent the levy and collection of certain road taxes. Article 232 of the Constitution of Louisiana of 1898 vests authority in any parish, municipal corporation (Orleans excepted), ward, or school district to levy a special tax for the purpose of erecting public buildings, schoolhouses, bridges, etc., and other works of permanent public improvement, on the approval of a majority in number and value of the property taxpayers of the subdivision voting at an election. The amount of this special tax and the number of years it is to run is fixed by the election.

Article 281, § 1, of the said Constitution, amendment of 1912 (Act No. 132 of 1912), authorizes the same subdivisions, and in addition road and subroad districts, to incur debts and issue negotiable bonds therefor, not exceeding 10 per cent. of the assessed value of the property in such subdivision, and to impose and collect taxes, not exceeding 10 mills in any one year, for the purpose of paying such bonds and interest, after an election, the same as provided for by article 232. This article provides for 30 days' publication of notice of the election.

In line with these two articles of the Constitution, the Louisiana Legislature adopted Act No. 256 of 1910, amended by Act No. 218 of 1912, which provides that parishes, wards, and road districts are political subdivisions of the state, and may levy special taxes, not exceeding the limits fixed by the Constitution, incur debt, and issue negotiable bonds therefor, not exceeding 10 per cent. of the assessed value of the property in the subdivision. The act vests the police jury with authority to call elections and levy the taxes, and goes into elaborate details as to the method of calling and holding elections and for the levying of the taxes and the issuing of the bonds. This act provides for the publication of the various steps taken, and specially provides (section 17) "that, for a period of sixty days from the date of the promulgation of the result of any such election, any person in interest shall have the right to contest the legality of such election for any cause, after which time no one shall have any cause of action to contest the regularity, formality, or legality of said election for any cause whatever."

Article 291 of said Constitution, amendment of 1912 (Act No. 236 of 1912), authorizes the police juries of the state (the governing bodies of the parishes) to form their respective parishes into road districts, and, in addition to certain specified taxes, to impose other taxes for the construction and maintenance of public roads and bridges, and to incur debt and issue bonds therefor, "in the manner and to the extent authorized under the provisions of articles 232 and 281 of the Constitution and the statutes adopted to carry them into effect." These articles are now incorporated in the Constitution of 1913. Article 291 is consolidated with old article 292, and bears the number 292. Articles 232 and 281 retain their same numbers.

Following the adoption of these laws the Louisiana Legislature enacted Act No. 183 of 1914, which authorizes the various police juries to divide their parishes into road districts on their own initiative, and requires them to do so on the petition of not less than 25 per cent of the property owners, resident and nonresident, in the proposed district, and authorizes them to divide a road district into subdistricts on the petition of 50 per cent. of the said property owners. The act constitutes the police juries the governing body of the road districts, and gives them the right to call elections and levy taxes according to the provisions of Act No. 256 of 1910.

Thereafter, by Act No. 199 of 1916, which became effective July 31, 1916, the Legislature amended certain sections of Act No. 183 of 1914, to create a new governing body for road districts, called a board of supervisors, consisting of the police juror or jurors and the member or members of the school board representing the ward or wards of which the district is made up, and one other member, to be appointed by the police jury, and creating it a public corporation, and generally vesting it with the same power as to public roads formerly in the police jury. This act, however, has no repealing clause. No part of Act No. 256 of 1910 is amended or repealed, and sections 1, 7, 9, and 10 of Act No. 183 of 1914 are not amended. By these sections the police jury still creates the road district, provides the specifications for constructing the road, and levies the tax, and the sher-

iff collects the tax. Act No. 183 of 1914 and Act No. 199 of 1916 have been repealed by Act No. 30, Ex. Sess. 1917, but that is immaterial to this case.

The receivers of the Texas & Pacific Railway Company have filed an ancillary bill, in the receivership proceedings, against the sheriff, ex officio the tax collector, the assessor, and the police jury of Avoyelles parish, La., and against the boards of supervisors of four road districts of said parish, to wit, Nos. 11, 14, 16, and 17, by their proper designations. The pleadings are voluminous, but, briefly stated, the bill sets up the various acts of the police jury and of the said boards of supervisors relative to the levying of the taxes complained of, charges the illegality of the articles of the Constitution and legislative enactments of Louisiana enumerated above, as violative of the Fourteenth Amendment of the Constitution of the United States, as not affording due process of law, because they fail to provide for notice to plaintiffs before levy and collection of the taxes complained of, charges specially the invalidity of Act No. 199, supra, as in violation of the Constitution of Louisiana, and alleges various irregularities in the proceedings to impose the taxes, entitling plaintiffs to an injunction in any event. The prayer is that article 292 of the Constitution of Louisiana, Act No. 183 of 1914, and Act No. 199 of 1916 be declared null and void, that defendants be perpetually restrained from levying, for the year 1916 and subsequent years, any taxes under said laws, and the proceedings complained of, for an injunction against the sheriff to prevent the seizure and sale of plaintiff's property to satisfy said taxes, and for an injunction pendente lite to the same effect. Various objections, to be later referred to in the opinion, and answers asserting the validity of the said laws and legality of the proceedings under them, have been filed by the defendants.

The application for a preliminary injunction was heard by three judges under the provisions of section 266, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. 1916, § 1243]). Owing to unavoidable delays in completing the records on that hearing, no decision has been rendered by the special tribunal. The case was then referred to a master to find the facts, and is now before me on the merits, on the record and the master's report.

Substantially three questions are presented: First, whether the laws above noted afford due process of law in the levying of the taxes; second, whether the said legislative acts are valid, when measured by the Constitution of Louisiana; and, third, whether the provisions of the Louisiana law have been sufficiently observed to validate the taxes levied and bonds issued. Four other suits of a similar character were argued and submitted at the same time, and will be largely controlled by the decision in this case.

Thomas J. Freeman and Howe, Fenner, Spencer & Cocke, all of New Orleans, La., and Wise, Randolph, Rendall & Freyer, of Shreveport, La., for plaintiffs in rule.

G. L. Porterie, of Marksville, La., and H. L. Favrot and Lewis R. Graham, both of New Orleans, La., for defendants in rule.

FOSTER, District Judge (after stating the facts as above). The defendants, in the form of pleas and demurrers, long since abolished by the equity rules, raise various preliminary objections, to wit, multifariousness, misjoinder, the prescription of 60 days created by the Louisiana statutes, want of jurisdiction ratione materia and ratione personæ, and that the plaintiffs have an adequate remedy at law. None of the objections are pleaded in the answers or by motion to dismiss, and all of them might be overruled without further comment. Nevertheless, though inartificially presented, in order to decide the issues squarely, the objections noted have been considered.

[1, 2] A federal question is seriously raised. The amount involved

exceeds $3,000. All the parties defendant are domiciled in the Western district of Louisiana. The assessor and the sheriff, respectively, assess and collect all the taxes. The police jury and the board of supervisors are parties in interest. It is immaterial that the suit is by ancillary bill, as all parties are properly served and have appeared. If the laws complained of are void, the prescription of 60 days falls with them. The first five objections are clearly without merit.

[3] The last-mentioned objection has been pressed in argument, however, and it is proper to say it is not well taken, for the following reasons: It is well settled that the remedy at law, to oust the jurisdiction in equity, must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. Tyler v. Savage, 143 U. S. 95, 12 Sup. Ct. 340, 36 L. Ed. 82. It is conceded by defendants in their brief that in Louisiana, as distinguished from other states, there is no right to recover a state tax paid under protest; but a distinction is sought to be made with regard to a tax imposed by a municipal corporation or a political subdivision. A number of cases have been cited, but, except as to one, to be later noted, they tend to uphold the jurisdiction in equity, as all of them would have been equitable actions in the federal courts. The erroneous impression of defendants is created by the confusion of legal and equitable remedies in Louisiana in one system under the civil law. The case mainly relied on by defendants is Constant v. East Carroll Parish, 105 La. 286, 29 South. 728. In that case the question of the right to sue to recover back the amount of the tax was not raised. Clearly, it could be waived. On the other hand, in the later case of Sims v. Village of Mer Rouge, 141 La. 91, 74 South. 706, the question was sharply presented by an exception of no cause of action, which was sustained by the Supreme Court. The objections will be overruled.

[4] On the merits, the first point made by plaintiffs is that the laws relative to taxation for road purposes, enumerated above, do not provide for adequate notice to property owners before the taxing subdivision is created, and that the opportunity is not presented to protest, and to show that no benefit will be derived by them, this especially affecting nonresidents and corporations, who have no voice in the election; that, therefore, these laws are violative of the Fourteenth Amendment of the Constitution of the United States. This contention is without merit. It is true no notice is given before the creation of the taxing district and the calling of the election, but after that there is ample notice of every step in the proceedings, and an opportunity is afforded to test the validity of the proceedings in court. It is not essential to due process of law that the person taxed should have notice of every step in the proceedings, and notice by publication may be sufficient. McMillen v. Anderson, 95 U. S. 37, 24 L. Ed. 335; Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616.

[5] Of the local questions presented, the first is that no other governing bodies than police juries and municipal corporations have authority under the Constitution to submit a proposition with reference to special road taxes, and hence Act 199 of 1916, vesting the power in boards of supervisors, is void. The Supreme Court of Louisiana has

answered this in the negative. Lebeau v. Police Jury, 140 La. 172, 72 South. 914; Bolinger v. Police Jury of Bossier Parish, 141 La. 596, 75 South. 423. These decisions I am bound to follow.

[6] The next proposition to be considered is plaintiffs' contention that the police jury could not create a road district composed of parts of two or more wards and submit to it a proposition to levy a tax, incur debt, and issue bonds, because by article 232 of the Louisiana Constitution such a proposition can only be submitted to a parish, municipality, ward, or school district, and in creating road districts by virtue of article 292 the police jury must do so comformably to article 232. It is clear, however, from a reading of the articles, that articles 232 and 281 were only intended to be controlling as to the amount and method of levying the tax, and not as restricting the police jury in any way in the formation of road districts. Furthermore, the Supreme Court of Louisiana has held, construing article 292, that it must be considered as amending articles 232 and 281 in so far as their provisions conflict. City of Lafayette v. Bank of Lafayette, 137 La. 96, 68 South. 238. I have no hesitancy in following this decision.

[7] Further, it appears that some of the road districts overlap territorially the same property incorporated into school districts. The total special taxes assessed for school and road purposes exceed 10 mills on the dollar, and the total amount of bonds issued exceed 10 per centum of the assessed valuation of the property contained in the road district. It is contended by plaintiffs that this exceeds the limitations imposed by the Constitution of Louisiana. Article 281 of the said Constitution, after granting the right to parishes, school districts, road districts, etc., when duly authorized by an election, to issue bonds and assess special taxes, says: Provided the special taxes "for all purposes as above set forth" shall not exceed 10 mills on the property in such subdivision, and the total amount of bonds "for all purposes" shall never exceed 10 per centum of the assessed value of the property in such subdivision. It is contended the words "for all purposes" means for school and road purposes together. I think, however, the words should be held to mean for all purposes for which the particular subdivision was created. For instance, road districts are authorized to construct and maintain roads, provide a sinking fund, and pay the interest and principal of bonds. These various matters make applicable the limitation. This is the interpretation put on similar provisions of the Constitution of 1879 by the Supreme Court of Louisiana. Washington State Bank v. Baillio, 47 La. Ann. 1471, 17 South. 880.

[8, 9] Proceeding with the local questions, it is argued by plaintiffs that, if Act No. 199 of 1916 is void, anything done by the board of supervisors created by that law is the action of unauthorized individuals, and no valid tax can be predicated upon it, and, conversely, if said act is valid, anything done by the police jury after the said act became effective is void, for the same reasons. Without doubt the Legislature, by adopting Act No. 199 of 1916, very much complicated the none too clear road laws of Louisiana; but, considering the great benefit to be derived by the nation, the state, and the general public by the building of good roads, it is the duty of the court to bring order out

of chaos, if possible. Construing the road laws of Louisiana, the Supreme Court of Louisiana, in the case of Crow v. Board of Supervisors, etc., 141 La. 1017, 76 South. 182, held: That police juries are authorized to create road districts; that a road district, once formed, may be changed for the convenience or advantage of the public; that, when a district is included in the territory of another, it ceases to exist; that the special taxes voted must be levied by the police jury; that after Act No. 199 of 1916 became effective, and prior to the organization of the board of supervisors the police jury might take the steps necessary to call elections, promulgate the returns, and issue the bonds; that the board of supervisors, when organized, is not required to do over what has been done by the police jury; that the board of supervisors may ratify and adopt the acts of the police jury; that the prescription of 60 days applies to an election called by the police jury after Act No. 199 of 1916 became effective.

It may be argued that part of the opinion in the Crow Case, supra, is obiter; but the findings above set out accord with my own views, for I know of no good reason why the board of supervisors could not adopt the valid acts of the police jury and continue the proceedings. Furthermore, considering the state of the law, giving both the right to call elections, neither the police jury nor the board of supervisors could be considered unauthorized individuals, and that an election is called by one when possibly it should have been called by the other would be at most an irregularity.

The master has found the facts as to each road district. Taking them up in the order of the bill, the facts material to a decision are as follows:

### Tenth Ward Road District No. 11, Parish of Avoyelles.

[10] This road district was created by the police jury on August 4, 1915. An election was called to levy a 6-mill tax, resulted favorably, and the result was duly promulgated by the police jury on September 8, 1915. On August 2, 1916, the police jury adopted an ordinance calling an election to submit a proposition to issue bonds in the aggregate of $100,000. On September 13, 1916, the result was promulgated, declaring the election carried in favor of the proposition. On November 4, 1916, the board of supervisors met and organized, and directed the issuance of the said bonds. On November 8, 1916, the police jury levied the tax. On April 23, 1917, the board of supervisors ratified and adopted as its own all proceedings previously had by the police jury. It is conceded the various steps were published according to law. This applies to the other districts.

Applying the law set out above, it is evident the taxes assessed on the property in this road district are valid.

### Burns Road District No. 12, Parish of Avoyelles.

[11] On April 5, 1916, the police jury created this district by ordinance and called an election. On June 7, 1916, the election was declared carried, and the result promulgated. No tax was ever levied by the police jury, and on August 3, 1916, the police jury created another

road district, embracing all the territory of road district No. 12. Taxes were assessed, however, and the sheriff is endeavoring to collect them.

It is evident the tax assessed in this road district is invalid.

### Avoyelles Road District No. 13.

[12] On August 3, 1916, the police jury created this road district by ordinance, appointed a board of supervisors, and called an election to incur debt and issue bonds therefor, aggregating $75,000. On September 13, 1916, the police jury issued its proclamation declaring the proposition carried. On November 8, 1916, the police jury levied the tax of 6 mills for the purpose of paying the principal and interest of the bonds. On December 30, 1916, the board of supervisors adopted an ordinance providing for the issuance of the bonds.

Conceding there was an irregularity in calling the election, under the authority of the Crow Case, supra, any action on that ground was barred by the prescription of 60 days. As this suit was not instituted until May 24, 1917, the prescription applies.

The tax levied on the property in this road district is valid.

### Avoyelles Road District No. 14.

[13] On September 19, 1916, this road district was created by the police jury. On September 19, 1916, the board of supervisors called an election submitting a proposition to issue bonds aggregating $30,-000. On November 2, 1916, the board of supervisors promulgated the result, declaring the proposition carried, and apparently leaving it to the assessor to assess sufficient tax to pay the bonds and interest. No tax was levied by the police jury, and on November 8, 1916, the police jury created another road district, Avoyelles road district No. 16, and included all the territory of road district 14 in it. On February 7, 1917, the police jury, by ordinance creating a second road district, road district No. 16 of Avoyelles parish, repealed, annulled, and rescinded the ordinance creating this road district. Nevertheless the assessor assessed the taxes.

It is evident the tax is invalid.

### Avoyelles Road District No. 16.

On November 8, 1916, the police jury created this road district and appointed a board of supervisors. Nothing else was done until February 7, 1917, the police jury created another road district, designated as road district No. 16 of Avoyelles parish, which included the same territory, and by the same ordinance repealed, annulled, and rescinded the ordinance creating the district.

It does not appear by the master's findings any tax was assessed; therefore no action of the court is necessary.

### Road District No. 16 of Avoyelles.

[14] This road district was created February 7, 1917, and all the proceedings seem to be regular, except that the tax was ordered assessed by the board of supervisors, instead of the police jury.

A valid levy is essential to the validity of any tax. The taxes assessed in this road district are invalid.

## Avoyelles Road District No. 17.

It appears that the police jury adopted two ordinances creating road districts designated Avoyelles road district No. 17, but, beyond appointing the boards of supervisors, nothing has been done; therefore no action of the court is necessary in the premises.

Considering the above facts, and applying the law as I find it, there will be a decree in favor of plaintiffs, enjoining and restraining the defendants from assessing and collecting, or attempting to assess and collect, any taxes on plaintiffs' property in road district No. 12, created August 5, 1916, road district No. 14, created September 19, 1916, and road district No. 16, created Feb. 7, 1917, but without prejudice to any valid proceedings to complete the organization, and to levy, assess, and collect the taxes in road districts No. 16 and No. 17 now existing. In all other respects the bill will be dismissed; costs to be divided.