LECHE, J.
On October 5, 1916, the police jury of Winn parish created road district No. 2, making its limits coextensive with ward No. 2 of the parish; then, by ordinance adopted on January 9, 1917, it ordered a special tax election in said road district No. 2, to be held on March 13, 1917, in order to take the sense of the taxpayers with regard to a proposition to levy a 10-mill tax on all the property in said district for a period of five years, beginning with and including the year 1917, for the purpose of constructing and maintaining public roads situated in road district No. 2. The election took place as ordained, under the auspices of the police jury, and on the following day, March 14, 1917, that body declared the election had been carried in favor of the proposition submitted to the taxpayers, and issued a proclamation to that effect.
The present suit was thereafter instituted by plaintiff for the purpose of having said election declared null and void for the reason that the police jury was without right or authority to call or hold said election,' such authority being vested by Act 199, p. 448, of 1916, solely in a board of supervisors to be composed and organized according to the provisions of said act. Plaintiff then avers that it owns a large amount of property in said road district; that, in case the court should hold the said election to have been legally called and held, its said property would become liable for a yearly tax of $5,885.80; and it then pleads in the alternative that said 10-mill tax for the year 1917 is unauthorized and unwarranted, of the reason that neither the police jury of Winn parish, nor any other competent authority, has, by ordinance or otherwise, levied said special tax of 10 mills for the year 1917. Plaintiff further pleads* the unconstitutionality of section 19 of Act 256 of 1910. Defendant excepted to plaintiff’s petition on the ground that it shows no cause of action, and it further pleaded the prescription of 60 days. These two pleas being overruled, it then answered. After due trial and hearing, the district court decreed the nullity of the election of March 13, 1917, and defendant appeals.
[1] Defendant contends that plaintiff’s failure to allege that a board of supervisors *681 had been organized for the road district is fatal to the petition. The question first presented for decision is, then, whether plaintiff should have alleged the existence or nonexistence of a board of supervisors at the time the police jury called the election of March 13, 1917. Upon that ground defendant bases its exception of no cause of action. It claims that, if the board of supervisors provided for in Act 199 of 1916 was not organized at the time the election was ordered, the police jury was the proper authority, under the law, to order and call the election, and therefore that to successfully challenge the authority of the police jury plaintiff should have alleged that the board of supervisors had at that time been appointed and organized.
Sections 2 and 3 of the Act 199 of 1916 provide for the creation of a governing authority in road districts, and for the organization of such governing authority, to he known as a board of supervisors. According to section 5, in order to carry out the provisions "of the act the board of supervisors “shall call elections,” etc. The article of the Constitution of 1898, No. 291, as amended in 1912, which was the paramount law at the time the election in controversy was called and held, places the authority to levy special taxes for the construction and maintenance of public roads under the administrative control of the police jury. Whether such election should have been called by the police jury or by the board of supervisors constitutes the main issue in the ease, a matter to be hereafter decided; but there is no doubt from the language of the article of the Constitution and of the statute of 1916 that the authority was either with the one or the other, and that its exercise was not dependent upon the organization and existence of a board of supervisors for the road district. If the authority was vested in the police jury it could not be exercised by the board of supervisors, and if vested in the board of supervisors it could not be exercised by the police jury, whether the board of supervisors had or had not been organized. It was therefore not necessary for plaintiff, in attacking the authority of the police jury, to allege that a board of supervisors had been created and organized. The exception of no cause of action was properly overruled.
[2,3] Defendant’s plea of 60 days’ prescription, by a parity of reasoning, must also be overruled. If the authority which called the election had no right to do so, then the election was so absolutely null that it amounts to nothing, and cannot be given vitality by prescription. Daigle v. Opelousas, Gulf & N. E. Ry. Co., 124 La. 1053, 50 South. 846. If, on the other hand, the election was called by the- proper authority, there is nothing to be cured by the plea.
. Article 291 of the Constitution of 1898, as amended in 1912, reads in part as follows:
“Other taxes may be levied by the police juries for road and bridge purposes not to exceed five mills for five years on the property of the parish, or any ward thereof, whether [when] the rate of taxation and the purposes thereof shall have oeen submitted to the property taxpayers .of the said ward or parish entitled to vote under the election laws of the state, and a majority thereof in number and value of those voting at said election • shall have voted in favor thereof. That this article shall be self-operative.”
This clause is entirely omitted in the Constitution of 1913, but, as tbe framers of that instrument were without authority to thus change or amend the Constitution of 1898, the quoted clause must be considered as still in full force and effect. See Hayne & Natalie Oil Co. v. Assessor (No. 22,640) 79 South. 280, 143 La. 697, decided May 27, 1918.
[4] Act 199 of 1916, which amends certain provisions of Act 183 of 1914, and which, although repealed by Act 30 of the Extra Session of 1917, was in force and effect at the time the election attacked in this case took place, contains a provision creating *683 boards of supervisors for road districts and constituting such boards as the governing authorities thereof. Another provision of said act places in said boards the right to call elections to take the sense of the property tax payers within the districts in regard to the assessing of special taxes or contributions for the purpose of building and maintaining the public roads therein. These provisions of the act of 1916 were held valid and constitutional in the case of Bolinger v. Police Jury of Bossier Parish, 141 La. 596, 75 South. 423. It then follows that when the police jury of Winn parish called an election by ordinance No.-, adopted on January 9, 1917, to take the sense of the property tax payers of road district No. 2 on the proposition to levy a road tax, it acted without authority, and that the election held on March 13, 1917, within said district, was an absolute nullity.
It is also evident from the above-quoted paragraph of article 291 of the Constitution, although plaintiff does not directly attack the rate of the special tax attempted to be imposed upon its property by the election of March 13, 1917, that a special tax for road and bridge purposes cannot exceed five mills for five years.
These conclusions render it unnecessary to pass upon the constitutionality of section 19 of Act 256 of 1910.
The judgment appealed from is affirmed.
O’NIELL, J., concurs only in the decree.
PROVO STY, J., absent on account of illness, takes no part.