PROVO STY, J.
In .February-April, 1917, the police jury of Tangipahoa parish created a road district, named road district No. 1, under authority of article 291 of the Constitution and Act 1S3 of 1914, and, assuming to act as the governing authority of said road district, held an election and levied a tax of 10 mills for 10 years in said district, for road purposes. At that time Act 199, p. 448, of 1916, was in force, which took away from the police jury the government of road districts, and vested it in a board of supervisors. Said election was therefore held and tax levied without authority; and this is the first ground of the present suit, which is a suit to annul said tax.
The plaintiffs are. large property holders in said road district. They paid the said tax for the year 1917 under protest, and have coupled with the present suit a demand for the return of the amount thus paid and two injunctions — one against any other disposition being made of said money, and another against the collection of the tax for 1918.
[1] Defendant invokes the benefit of section 17 of Act 256 of 1910, as amended by Act 218 of 1912, which limits to 60 days from the date of the promulgation of the result of an election for the voting of a tax the time within which a suit may be brought to “contest the regularity, formality or legality” of the election.
But that statute does not apply where the election has been held under the auspices of an unauthorized body. Tremont Lumber Co. v. Police Jury, 144, La. 678, 81 South. 249.
Nor where the tax is unconstitutional. St. Charles Municipal Dist. v. Cousin, 130 La. 331, 57 South. 992; Board v. Randolph, 131 La. 244, 59 South. 198. And the latter is the second ground of plaintiff’s suit.
[2] For authority on the part of the police jury to act as the governing body of the road district in levying the tax, and for the constitutionality of the tax, defendant relies upon article 291 of the Constitution, which provides that “police juries” may levy for public roads a 5-mill tax for 5 years and in addition the tax authorized by article 232 of the Constitution to be levied.
It will be noted that the language of article 291 is that the “police jury” may levy these taxes. Defendant contends that, the authority to levy these taxes being thus in express terms confided to the “police jury,” the Legislature was powerless to take it away from that body and vest it in a board of sur pervisors, and that therefore said Act 199 of 1916, in so far as attempting so to do, was unconstitutional, null, and void, and of no effect.
This court decided differently in Bolinger v. Police Jury, 141 La. 596, 75 South. 423.
[3] As to the tax being authorized by article 232, that article in express terms applies only to “any parish, municipal corporation, ward or school district.” A road district is not a “parish, ward or school district.” Is it a “municipal corporation”?
The term “municipal corporation,” as used in article 85 of the Constitution conferring jurisdiction upon this court of “all cases in which the constitutionality or legality * * * of any fine, forfeiture, or penalty imposed by a municipal corporation, shall be in contestation, * * * and to all cases wherein an ordinance of a municipal corporation or a law of this state has been declared unconstitutional,” was held in State v. Hagen, 136 La. 868, 67 South. 935, to include a police jury; but that concluswn was reached with *325 some hesitation, and only by a divided court, and mainly because tbe connection in wbicb tbe term is used in said article 85 indicates that tbe intention was to designate by that term tbe political bodies having legislative powers; and police juries are of that character. But tbe context in article 232, viz, any “parish, municipal corporation, ward or school district,” indicates, on tbe contrary, that by the term “municipal corporation” cities, towns, and villages solely are meant to be designated.
On both grounds of nullity tbe tax is null.
It is therefore ordered, adjudged, and decreed that tbe judgment appealed from be set aside, and it is now ordered, adjudged, and decreed that an injunction issue as prayed for, and that tbe same be made perpetual, and that the plaintiffs, William T. Joyce Company and I-Iackley & Hume Company, have judgment against the police jury of the parish of Tangipahoa for the sum of $15,531.56, with legal interest thereon from the 20th day of December, 1918, the date of the filing of the present suit, and that the defendant pay the costs of this suit.
O’NIEBB, J., concurs in the decree.