### LYON LUMBER CO. v. LIVINGSTON PARISH SCHOOL BOARD.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1923.)

No. 3910.

1. **Appeal and error ⬤⟳71(3)—Complainant can appeal from refusal of part of temporary relief prayed for.**

Judicial Code, § 129 (Comp. St. § 1121), authorizing appeal from interlocutory decrees granting or refusing temporary injunction, authorizes an appeal by complainant, in a suit to restrain the issuance of school election bonds, from so much of the District Court's decree, granting a preliminary injunction to the extent of requiring a school board to assess and levy the taxes and readvertise the bonds, as upheld the bond election attacked.

2. **Constitutional law ⬤⟳33—Provision permitting school bonds to bear 6 per cent. interest was not self-executing.**

The provision of Const. La. 1921, art. 14, § 14, permitting school districts to incur a bonded indebtedness for a maximum period of 40 years, to bear interest not more than 6 per cent. per annum, was not self-executing, under article 22, § 1, providing that laws inconsistent with the Constitution should cease on its adoption, except that laws inconsistent with provisions requiring legislation should remain in force until such legislation was had, so that school bonds bearing 6 per cent. interest could not be authorized by election until Act No. 256 of 1910, limiting the interest to 5 per cent., had been superseded by Act No. 46 of 1921, authorizing 6 per cent. interest.

3. **Schools and school districts ⬤⟳97(4)—Bond election can be contested after 60 days, where proceedings in violation of law or Constitution.**

The broad language of Louisiana, Act No. 46 of 1921, § 43, denying the right to contest the legality of a bond election after 60 days from the promulgation of the result, does not apply where the proceedings for a school bond election were in contravention of the law or of the Constitution.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Lyon Lumber Company against the Livingston Parish School Board to restrain the issuance of school bonds. From so much of the decree of the District Court on the application for temporary injunction as held the bond election valid, complainant appeals. Reversed, with directions.

Hermann Moyse, of Baton Rouge, La., for appellant.

W. S. Rownd, of Hammond, La. (Rownd & Hungate, of Hammond, La., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. October 3, 1921, the Livingston parish school board created a school district, and adopted an ordinance calling an election to be held on December 29, 1921, for the purpose of voting on a proposition to issue negotiable bonds of the district to the amount of $30,000, payable in 10 years with interest at 6 per cent. per annum. The minutes of the school board were published in the official journal of the parish under the heading "Official Proceedings of the Livingston Parish School Board," and contained the ordinance calling the election; but no separate or other notice of the election was published. At the election held December 29, 1921, the issuance of the bonds was authorized by a majority vote. On the next day the school board met and prepared a promulgation of the result of the election and caused it to be published in the official journal, and adopted an ordinance providing that a tax be levied annually "by the proper officers of the parish" sufficient to pay the bonds, together with interest, as they matured. Subsequently, an advertisement was published in one issue of the official journal calling for bids to be received April 4, 1922.

March 31, 1922, appellant filed its bill to enjoin the sale of the bonds upon the grounds, among others, that the election was void; that the action of the school board in undertaking to delegate the power to others to make an annual assessment and levy of taxes was unauthorized; and that only one advertisement for bids did not comply with a statutory requirement. The District Court upheld the election, and by interlocutory injunction granted the relief prayed only to the extent of requiring the board itself to assess and levy the taxes, and to readvertise the bonds for sale once a week for three weeks, in accordance with the statute.

[1] This appeal is taken by the original complainant because of the refusal of the court to hold the election itself void. The school board, appellee here, moves to dismiss the appeal upon the grounds that it is taken from an interlocutory injunction, and was not filed within 30 days. Section 129 of the Judicial Code (Comp. St. § 1121) authorizes the procedure adopted by appellant, and the record shows that the appeal was taken within 30 days. The motion to dismiss is therefore denied.

Section 14 of article 14, Constitution of 1921, contains the provision that parish school districts—

"may incur debt and issue negotiable bonds, when authorized by vote of a majority, in number and amount, of the property taxpayers qualified to vote·

under the Constitution and laws of this state, who vote at an election held for that purpose after notice published or posted for thirty (30) days in such manner as the Legislature may prescribe, and the governing authorities of such subdivisions shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest annually or semiannually and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity."

Subdivision (h) of that section is as follows:

"No bonds issued by any subdivision hereunder shall run for a longer period than forty (40) years from the date thereof, or bear a greater rate of interest than six per centum per annum payable annually or semiannually, or be sold for less than par. Such bonds shall become due and payable in annual installments beginning not more than three years after the date of issuance."

This Constitution went into effect July 1, 1921. Act 256 of 1910 authorized parish school boards to issue bonds for school districts, but provided that such bonds could not bear a greater rate of interest than 5 per cent. per annum. Act 46 of 1921, approved November 16, 1921, provides that such bonds shall not bear a greater rate of interest than 6 per cent. per annum. Section 1 of article 22 of the Constitution of 1921 declares:

"Third. The provisions of all laws, which are inconsistent with this Constitution, shall cease upon its adoption, except that all laws which are inconsistent with such provisions of this Constitution as require legislation to enforce them, shall remain in full force until such legislation is had."

It thus appears that the election in question was held subsequent to the adoption and effective date of the Constitution, but before the enactment of Act 46 of 1921. It is contended that the ordinance adopted, which specified that the bonds should bear interest at 6 per cent. per annum, provided for an illegal rate of interest. The argument is that Act 256 of 1910, which fixed 5 per cent. as the maximum rate of interest, was not repealed by the Constitution which authorized a rate of interest as high as 6 per cent., and that the higher rate of interest was not authorized until the Legislature passed Act 46. We think the contention is good, and that the provision of the Constitution to the effect that interest shall not be at a greater rate than 6 per cent. is not a self-executing one, as is insisted by appellee.

[2] It is apparent, as it seems to us, that parish school boards cannot issue bonds without statutory authority. Under section 14 of article 14, the notice of such election at least is required to be fixed by Legislature. Detailed and minute provisions necessary to conduct elections are matters for the Legislature. The argument that it is intended to prevent the Legislature by inaction from withholding from school boards the power to issue bonds is therefore not sustainable. Constitutions are more nearly permanent than are acts of Legislatures, and we think it was the intention of this provision of the Constitution to fix a length of time beyond which bonds should not run, and a rate of interest above which school boards should not pay, and that, below these limits, the Legislature should determine for how long a time bonds could run and the rate of interest. The rate of interest provided being greater than that permissible at the time the election was called, it follows that, in our opinion, the election was void.

Inasmuch as the views hereinbefore expressed dispose of the case, it is unnecessary to consider whether the notice of the election was valid. It is proper to say that we very much doubt whether the publication of the notice was a sufficient compliance with the law. Gewin v. Police Jury, 130 La. 416, 58 South. 132.

[3] It is true that this suit was brought more than 60 days after the promulgation of the result of the election, and that section 43 of Act 46 of 1921 in very broad language denies the right to contest the legality of a bond election after the lapse of that length of time. But a similar provision in the Act of 1910 has been held to have no application to proceedings in contravention of the law or of the Constitution. St. Charles Municipal District v. Cousin, 130 La. 331, 57 South. 992; Board of Commissioners v. Randolph, 131 La. 244, 59 South. 198.

The decree of the Court below is reversed, with directions for further proceedings not inconsistent with this opinion.