No. 3359

First Circuit Appeal

---

C. G. LARRABEE, ET AL., v. SIDNEY A. LANDRY

---

(February 18, 1925, Opinion and Decree)
(May 5, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Laws—Par. 26, 27, 28.**
Act No. 192 of 1920 is constitutional because it has one object, to suppress gambling, which is expressed in the title and all of its provisions. The act does not enact a judgment, nor are the district courts given jurisdiction to punish offenses committed outside their respective districts nor deprive a person of his property without due process of law, nor levy excessive fines and punishments.

Appeal from the Twenty-sixth Judicial District, Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

This is an injunction under Act 192 of 1920 to suppress a gambling house and public nuisance.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

S. W. Provensal, of New Orleans, attorney for defendant, appellant.

ELLIOTT, J. This case involves the right of plaintiffs, residents and taxpayers of Slidell, Louisiana, to enjoin defendant from operating a business which plaintiffs claim is a gambling house and public nuisance, contrary to the law—Act 192 of 1920 of the Legislature of the state. They pray that the business be enjoined and the nuisance abated.

The defendant excepted that the act was unconstitutional, which being overruled, he answered, denying the pertinent allegations of the plaintiffs. He admits that he rented tables and chairs in his place of business for 15 cents per hour, and sells cards, etc.

The district judge, for written reasons, sustained the constitutionality of the law and rendered judgment in favor of the plaintiffs as prayed for.

Defendant appealed to the Supreme Court and the Supreme Court transferred the appeal to this court.

Defendant urges that the act embraces more than one object; that it enacts a judgment; that the district courts are given jurisdiction to punish offenses committed

outside of their respective districts, deprives a person of his property without due process of law, divests vested rights and levies excessive fines and punishments.

The act has but one object, that expressed in its title; its object is to suppress gambling. All of its provisions have that end in view.

The authorities cited in the brief of the plaintiffs sustain the constitutionality of the act: Lebeau vs. Police Jury of Pointe Coupee Parish, 140 La. 172, 72 South. 914; State vs. Guidry, 142 La. 422, 76 South. 843; Boyer vs. Crescent Paper Box Factory, 143 La. 368, 78 South. 596; Parish of Orleans vs. Brown, 147 La. 828, 86 South. 270, and others not necessary to cite.

The cases, Parish of Orleans vs. Brown, 147 La. 828, 86 South. 270, and State vs. Jackson, 152 La. 656, 94 South. 150, apply to several of the objections urged against the act and we do not find that any of the objections can be sustained.

The defendant's objections to the act were properly overruled.

On the merits of the case the violations of the law alleged are so well established that we do not think it can be said in behalf of the defendant that they do not exist as alleged.

It appears to be a plain case and the judgment appealed from in favor of the plaintiffs is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, defendant and appellant to pay the cost of both courts.